UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BRENDON MCCORMICK,<br><br>　　Defendant. | Case No. 1:23-cr-00327-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Brendon McCormick's Motion to Reduce Sentence. (Dkt. 36). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons explained below, the Court denies the motion.

## I.　BACKGROUND

On July 8, 2024, McCormick pleaded guilty to Count One of the Indictment, which charged him with bank fraud, in violation of 18 U.S.C. § 1344 (Dkt. 19; Dkt. 22). McCormick's plea agreement acknowledged that he deposited two stolen U.S. Treasury checks at a financial

---

[1] While this is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rule will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc .Crim. R. 1.1(f); *United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (declining to hold a hearing regarding a motion for early termination of supervised release pursuant to local rules).

institution in the approximate amount of $350,000, although the institution suffered no loss because he was unable to withdraw the funds (Dkt. 19 at 3). Pursuant to the plea agreement and § 2B1.1 of the U.S. Sentencing Guidelines, McCormick agreed with the Government's recommendation for a base offense level of seven and the recommendation to add twelve additional levels to the base offense because the "amount of intended loss is $351,923.98" (*id.* at 7).

Before sentencing, McCormick submitted a sentencing memorandum, in which he "took responsibility for the full amount of the intended loss, which was a 12-level increase" (Dkt. 32 at 5). While McCormick conceded to the amount of intended loss as a basis for the twelve-level increase (*id.*), he asked the Court to take the actual loss into consideration as a part of its analysis under 18 U.S.C. § 3553(a)(6), which considers unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (*id.* at 5-6). In support, his sentencing memorandum cited *United States v. Banks*, 55 F.4th 246 (3rd Cir. 2022), which held the ordinary meaning of "loss" in the § 2B1.1 sentencing enhancement is only "actual loss" suffered by the victim (*id.*). At the time of McCormick's sentencing, the Third Circuit was the only Circuit to adopt a reading of § 2B1.1 that excluded "intended loss" for purposes of § 2B1.1. *Banks*, 55 F.4th at 257. ("The Guideline does not mention "actual" versus "intended" loss; that distinction appears only in the commentary. That absence alone indicates that the Guideline does not include intended loss."). On September 24, 2024, the Court applied the twelve-level increase based on the intended loss amount and imposed a sentence of forty-six months of imprisonment (Dkt. 34).

In November 2024, the U.S. Sentencing Commission amended § 2B1.1 to move what was previously commentary into the operative text of the guideline. U.S.S.G. App'x C Supp. Amend. 827 (amending U.S.S.G. § 2B1.1(b)(1), effective November 1, 2024). The operative text of the

guideline now defines "loss" as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1(b)(1)(A).

On July 3, 2025, McCormick moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 36). He requests a twelve-point reduction based on unspecified amendment to the U.S. Sentencing Guidelines, although his motion cites to "§ 2B1.1-Actual Loss" and two Tenth Circuit cases, *United States v. Galloway*, 509 F.3d 1246, 1252 (10th Cir. 2007), and *United States v. Hess*, 106 F.4th 1011, 1023 (10th Cir. 2004) (Dkt. 36 at 2-3). The Government opposes his request for a reduced sentence (Dkt. 37).

## II.  LEGAL STANDARD

Under § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and a court considers the § 3553(a) factors. Thus, under § 3582(c)(2), the analysis is twofold. First, a court must determine if a retroactive amendment to the Sentencing Guidelines applies to warrant reducing a defendant's guideline range. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, a court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with the Sentencing Commission's policy statements. *Dillon*, 560 U.S. at 827. In determining the extent of the reduction, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentence. *See* U.S.S.G. § 1B1.10(b)(1). This reduction is strictly limited to the low end of the new applicable guideline, with one exception (where the defendant received a below-guideline sentence based on substantial assistance). *See* U.S.S.G. § 1B1.10(b)(2).

**MEMORANDUM DECISION AND ORDER - 3**

### III. ANALYSIS

The Court infers McCormick's general references to "§ 2B1.1-Actual Loss" to mean he is moving for a reduced sentence based on recent amendments to § 2B1.1 of the U.S. Sentencing Guidelines. Section 2B1.1 outlines special offense characteristics based on loss, which rises and falls according to a loss table; a higher loss generally corresponds to an increased offense level. The U.S. Sentencing Commission amended § 2B1.1, effective November 1, 2024, to move what was previously commentary—namely, "[l]oss is the greater of actual loss or intended loss"— to the guideline itself—which now includes an updated definition of "loss." *See* U.S.S.G. § 2B1.1. Section 1B1.1's operative text now defines loss as "the greater of actual loss or intended loss."

Before this amendment, the Third Circuit in *Banks* declined to endorse the Sentencing Guidelines' commentary regarding its understanding of "loss" and instead endorsed a narrower definition. *Banks,* 55 F.4th at 258. The Third Circuit was the only circuit to endorse this understanding of "loss." Following *Banks*, the Commission issued its 2024 amendment, which clarified the definition of loss as "the greater of actual loss or intended loss." U.S.S.G. App'x C Supp. Amend. 827. The Commission explained that the post-*Banks* amendment "ensure[s] consistent loss calculation across circuits." *Id.*

McCormick proposes no interpretation of § 2B1.1 that suggests "loss" does not include "intended loss," nor does he cite other amendments that suggest an alternative definition of loss should apply here. Rather, McCormick cites two cases without any explanation: *Galloway*, 509 F.3d at 1252, and *Hess*, 106 F.4th at 1023. Neither case supports McCormick's request for a reduced sentence here. *See Galloway*, 509 F.3d at 1252 (addressing the need to "first estimate the actual *and intended loss* due to a defendant's fraudulent conduct, and then consider whether the

**MEMORANDUM DECISION AND ORDER - 4**

defendant's gain is a reasonable estimate of the actual or intended loss") (emphasis added) (internal citations omitted); *Hess*, 106 F.4th at 1023 (explaining "loss equals loss (or *intended loss*) minus credits against loss") (emphasis added) (internal citations omitted). Accordingly, the Court concludes that no amendment to § 2B1.1 would warrant a reduction in McCormick's offense level.

Additionally, McCormick submits no new facts relating to the sentencing factors under 18 U.S.C. § 3553(a). To grant a reduced sentence, the Court must also consider any relevant § 3553(a) factors that could justify a reduced sentence. *Dillon*, 560 U.S. at 827. McCormick, however, submits his request without addressing these factors, and the record does not indicate any factors would justify a reduced sentence here. Accordingly, the Court denies McCormick's motion for a reduced sentence.

## IV.  ORDER

**IT IS ORDERED that:**

1.  Defendant Brendon McCormick's Motion to Reduce Sentence (Dkt. 36) is **DENIED**.

DATED: August 26, 2025

Amanda K. Brailsford
U.S. District Court Judge